

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: | § | No. 08-23-00081-CV |
| EAN HOLDINGS, LLC d/b/a ENTERPRISE RENT-A-CAR | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| Relator. | | |
| | § | |
| | § | |

## <u>SUBSTITUTED CONCURRING OPINION</u>

The Concurring Opinion issued June 16, 2023, is withdrawn and this Concurring Opinion is issued in its place. Given our present record, I join with the majority's conclusion that the trial court abused its discretion in denying Enterprise's motion for leave to designate the USBP as a responsible third party. I write separately, however, to comment further about Relator's long delay in supplementing its response to a discovery request that sought information about the existence of responsible third parties.

To begin, I agree that Enterprise's discovery-conduct following the expiration of limitations provides no basis for denying a proper third-party designation, when such is timely filed pursuant to § 33.004(d). *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 786-87 (Tex. 2020) (per

curiam); s*ee also* Tex. Civ. Prac. & Rem. Code Ann. § 33.004(d). Even so, I would add that it does not necessarily follow from that conclusion that Enterprise's conduct remains immaterial to the resolution of other pretrial issues. In *In re Bertrand*, 602 S.W.3d 691, 706 (Tex. App.—Fort Worth 2020, no pet.), the court particularly noted the limitations of its decision by stating, "[w]e express no opinions on other issues which may be related to discovery abuse governed by the Texas Rules of Civil Procedure, pre-trial discovery orders, or otherwise." *Id.*

Rule 193.5 of the Texas Rules of Civil Procedure provides that "[a]n amended or supplemental response must be made reasonably promptly after the party discovers the necessity for such a response." Tex. R. Civ. P. 193.5(b). Here, Todorovic contends Enterprise has not supplemented its discovery responses to mention the USBP as a responsible third-party during the long period that the case has remained pending, awaiting trial. Reading the statute in harmony, as we must, I find that such conduct may be relevant to other aspects of the third-party designation that are not adjudicated here. For example, § 33.004(*l*) permits a party, after adequate time for discovery, to move "to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." Tex. Civ. Prac. & Rem. Code Ann. § 33.004(*l*). Thus, as relevant here, even though § 33.004(d) permits Enterprise to make such third-party designation, that provision must be read together with § 33.004(*l*), which further provides that the designation remains subject to being stricken, after adequate time for discovery, on the ground that no evidence supports a claim that the designated third-party in fact bears a portion of responsibility for Todorovic's claimed injury or damages.

GINA M. PALAFOX, Justice

June 12, 2024

Before Alley, C.J., Palafox and Soto, JJ.